IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD GOLDFARB and SHARI GOLDFARB, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:07-cv-03965-RB |
| DELTA FUNDING CORPORATION, FIRST CHOICE HOME EQUITY, LLC, MICHAEL JONES, OCWEN LOAN SERVICING, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF OCWEN LOAN SERVICING, LLC

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through its counsel, hereby answers plaintiff's Complaint as follows.

### I.      Preliminary Statement

1.      Denied as a legal conclusion.  Ocwen denies the truth of the allegations in ¶1 to the extent they are intended to be directed at Ocwen.

2.      Denied as a legal conclusion.  Ocwen denies the truth of the allegations in ¶2 to the extent they are intended to be directed at Ocwen.

### II.      Jurisdiction and Venue

3.      Upon information and belief, Ocwen admits the truth of the allegations in ¶3.

4.      Denied as a legal conclusion and denied as Ocwen is without sufficient knowledge or information after reasonable investigation to form a belief as to the truth of the allegations in ¶4 and therefore denies same.

### III.    Parties

5.      Upon information and belief, Ocwen admits the truth of the allegations in ¶5.

6.      Upon information and belief, Ocwen admits the truth of the allegations in ¶6.

7.      Ocwen is without sufficient knowledge or information after reasonable investigation to form a belief as to the truth of the allegations in ¶7 and therefore denies same.

8.      Denied as a legal conclusion and denied as Ocwen is without sufficient knowledge or information after reasonable investigation to form a belief as to the truth of the allegations in ¶8 and therefore denies same.

9.      Admitted in part and denied in part as stated.  Ocwen admits that it is a Florida limited liability company and is the servicer of plaintiffs' loan.  By way of further answer, Ocwen services plaintiffs' loan on behalf of the current assignee holder, HSBC Bank USA, N.A., as Indenture Trustee for the registered noteholders of Renaissance Home Equity Loan Trust 2006-2.  An assignment is being filed of record to evidence such ownership.

10.     The Complaint does not contain a ¶10 and accordingly, the same is denied.

11.     The allegations in ¶11 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

12.     Denied as a legal conclusion and denied as the allegations in ¶12 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

13.     Denied as a legal conclusion and denied as the allegations in ¶13 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the

extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

14.     Denied as a legal conclusion and denied as the allegations in ¶14 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

**IV.     Statement of Claims**

15.     Upon information and belief, Ocwen admits the truth of allegations in ¶15 that plaintiffs entered the Loan.

16.     Denied as a legal conclusion and denied as the allegations in ¶16 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

17.     Denied as a legal conclusion and denied as the allegations in ¶17 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

18.     Denied as a legal conclusion and denied as the allegations in ¶18 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

19.     Denied as a legal conclusion and denied as the allegations in ¶19 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the

extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

20.     Denied as a legal conclusion and denied as the allegations in ¶20 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT I – TRUTH IN LENDING ACT ("TILA")

21.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

22.     Denied as a legal conclusion and denied as the allegations in ¶22 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT II – HOME OWNERSHIP AND EQUITY PROTECTION ACT ("HOEPA")

23.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

24.     Denied as a legal conclusion and denied as the allegations in ¶24 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

25.     Denied as a legal conclusion and denied as the allegations in ¶25 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the

extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

26.     Denied as a legal conclusion and denied as the allegations in ¶26 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT III – REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA")

27.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

28.     Denied as a legal conclusion and denied as the allegations in ¶28 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.  By way of further answer, a Complaint does not constitute a Qualified Written Request.

29.     Denied as a legal conclusion and denied as the allegations in ¶29 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT IV – EQUAL CREDIT OPPORTUNITY ACT ("ECOA")

30.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

31.     Denied as a legal conclusion and denied as the allegations in ¶31 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the

extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT V – FAIR CREDIT REPORTING ACT ("FCRA")

32.    Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

33.    Denied as a legal conclusion and denied as to the truth of the allegations in ¶33 as to Ocwen.

## COUNT VI – CREDIT SERVICES ACT ("CSA")

34.    Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

35.    Denied as a legal conclusion and denied as the allegations in ¶35 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT VII – FRAUD

36.    Ocwen incorporates it response to each referenced paragraph as if fully set forth here.

37.    Denied as a legal conclusion and denied as the allegations in ¶37 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

38.    Denied as a legal conclusion and denied as the allegations in ¶38 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the

extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

39.     Denied as a legal conclusion and denied as the allegations in ¶39 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen is without sufficient knowledge or information regarding the actions and thoughts of plaintiffs and therefore deny the allegations.

### COUNT VIII – BREACH OF CONTRACT/WARRANTY

40.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

41.     Denied as a legal conclusion and denied as the allegations in ¶41 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

### COUNT IX – FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA")

42.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

43.     Denied as a legal conclusion and denied as the allegations in ¶43 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT X – UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

## ("UTPCPL")

44.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

45.     Denied as a legal conclusion and denied as the allegations in ¶45 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT XI – NEGLIGENCE

46.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

47.     Denied as a legal conclusion and denied as the allegations in ¶47 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT XII – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

48.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

49.     Denied as a legal conclusion and denied as the allegations in ¶49 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT XIII – BREACH OF FIDUCIARY DUTY

50.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

51.     Denied as a legal conclusion and denied as the allegations in ¶51 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

## COUNT XIV – CONSPIRACY, AND AIDING AND ABETTING

52.     Ocwen incorporates its response to each referenced paragraph as if fully set forth herein.

53.     Denied as a legal conclusion and denied as the allegations in ¶53 do not appear to be directed at or make any claim regarding Ocwen, and therefore no response is required.  To the extent the allegations are intended to be made against Ocwen, Ocwen denies the truth of the allegations.

WHEREFORE, Ocwen Loan Servicing, LLC prays this Court enter an Order dismissing plaintiff's Complaint against Ocwen Loan Servicing, LLC on all counts and causes of action asserted, including all prayers for relief therein, for its costs and attorney's fees incurred herein, and for such other relief as this Court deems just and appropriate.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

54.     Ocwen denies each and every allegation in plaintiffs' Complaint not specifically admitted in this Answer.

55.     Plaintiffs fail to state a claim upon which relief can be granted.

56.     Ocwen is not the proper party in interest for some or all of plaintiffs' claims and does not hold an ownership interest in plaintiffs' mortgage.

57.     Plaintiffs' claims are, at least in part, barred by the applicable statutes of limitation.

58.     Plaintiffs' damages, which are specifically denied, are not of the nature or to the extent alleged, and are the result of their own negligence or the acts of other parties.

59.     Plaintiffs' claims are barred, at least in part, by the doctrine of holder in due course, innocent purchaser and good faith reliance theories.

60.     Plaintiffs have failed to mitigate or minimize their damages, if any.

61.     Plaintiffs' claims fail as all required disclosures were made.

62.     Plaintiffs' claims are barred by the doctrine(s) of laches, unclean hands, waiver, and estoppel.

63.     Ocwen is not a debt collector.

64.     Ocwen is not a party to a contract with plaintiffs.

65.     Ocwen denies that all conditions precedent to a right of recovery have been satisfied.

66.     Plaintiffs' claims are, in part, preempted by federal law.

67.     No private cause of action exists for some of Plaintiffs' claims.

68.     The statutes cited by Plaintiffs are not applicable to the facts pled.

69.     Plaintiffs' allegations are insufficient to establish fraud, duress, conspiracy, or unclean hands.

70.     Plaintiffs have failed to plead fraud and conspiracy specificity.

71.     Ocwen is not liable for the conduct of third parties.

72.     Plaintiffs' allegations and prayer for relief are barred because all disclosures required under the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2601 *et seq.*, were made.

73.     Ocwen denies that all conditions precedent to a right of recovery have been satisfied.

74.     As the servicer of the subject loan, Ocwen is not a "creditor" under the statute and has the defenses of a servicer described in 15 U.S.C. §1640(b) and (c) and § 1641 (a), (b), (d), (e) and (f).

75.     Ocwen reserves the right to amend its Answer and to assert any affirmative defenses which come to light during the course of and after the completion of discovery.

WHEREFORE, for all of the above reasons, Ocwen Loan Servicing, LLC prays this Court enter an Order dismissing plaintiff's Complaint against Ocwen Loan Servicing, LLC on all counts and causes of action asserted, including all prayers for relief therein, for its costs and attorney's fees incurred herein, and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

October 20, 2007                                    By:  */s/   Linda A. Michler*
                                                        Linda A. Michler, Esquire
                                                        Pa. I. D. 53518
                                                        7228 Baptist Road, #175
                                                        Bethel Park, PA  15102
                                                        (412) 854-4315
                                                        *Attorney for Ocwen Loan Servicing, LLC*